UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ALISON ACEVEDO, as | * | |
| ADMINISTRATRIX OF THE | * | |
| ESTATE OF | * | |
| DENNIS A. MENDEZ, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 11-11111-JLT |
| | * | |
| WILLIAM J. FALANDYS et. al., | * | |
| | * | |
| Defendants. | * | |

MEMORANDUM and ORDER

April 2, 2012

TAURO, J.

After a hearing on March 14, 2012, this court hereby orders, for the reasons stated below, that Non-Party Bristol County's Motion to Quash Subpoena [#37] is ALLOWED. Plaintiff's Motion to Amend [#42] is ALLOWED IN PART AND DENIED IN PART.

1.  Motion to Quash Subpoena [#37]

Non-Party Bristol County District Attorney has moved to quash Plaintiff's Deposition Subpoena. Plaintiff sought to depose Bristol County District Attorney C. Samuel Sutter, and requested that District Attorney Sutter bring to the deposition documents and communications regarding the District Attorney's Office's investigation into the death of Mr. Mendez.[1] Because Plaintiff seeks privileged information and has not shown a compelling reason why this court should override the District Attorney's qualified privilege, the Motion to Quash is ALLOWED.

---

[1] Subpoena [#37-1].

Pursuant to Fed. R. Civ. P. 45, "On timely motion, the issuing court must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies."[2]  In Puerto Rico v. United States, the First Circuit recognized a privilege for documents and information related to "law enforcement techniques and procedures."[3]  The purpose of the law enforcement investigatory privilege is to "prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witness and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation."[4]

This privilege is qualified, and is "subject to balancing the federal government's interest in preserving the confidentiality of sensitive law enforcement techniques against the requesting party's interest in disclosure."[5]  In order to overcome a legitimate assertion of privilege, a party seeking discovery of the privileged documents "must make a threshold showing of need, amounting to more than 'mere speculation.'"[6]  In determining whether the documents in question must be disclosed in a particular case, in camera review of the documents "'is a relatively costless and eminently worthwhile method to insure that the balance between [one party's] claims of

---

[2] Fed. R. Civ. P. 45.

[3] Puerto Rico v. United States, 490 F.3d 50, 64 (1st Cir. 2007).

[4] Id. at 63 (quoting In re Department of Investigation of the City of New York, 856 F.2d 481 (2d Cir. 1988)).

[5] Puerto Rico, 490 F.3d at 64.

[6] Assn. for Reduction of Violence v. Hall 734 F.2d 63, 66 (1st Cir. 1984) (quoting Socialist Workers Party v. Attorney General, 565 F.2d 19, 23 (2d Cir. 1977)).

irrelevance and privilege and [the other's] asserted need for the documents is correctly struck.'"[7]

In the present matter, this court has conducted an <u>in camera</u> review of the documents in question, and has determined that Plaintiff has not made a sufficient showing to overcome the Bristol County District Attorney's assertion of privilege. As he pointed out in his memorandum, the Bristol County District Attorney was not a percipient witness, and has no first-hand knowledge of the facts underlying Plaintiff's complaint. Indeed, the only information he possesses relates to the internal investigation by his office into the death of Mr. Mendez.

Plaintiff has already received a copy of the autopsy report produced as a result of that investigation, and has been able to depose a number of individuals with first-hand knowledge of both the events underlying the complaint, and the investigation including the medical examiner who conducted the autopsy. The information that would be able to be obtained by deposing the Bristol County District Attorney has little, if any, probative value to Plaintiff's cause of action. Plaintiff has access to first hand accounts of what happened on the date in question as well as the official results of the internal investigation. The nature of the internal investigation is not relevant to Plaintiff's underlying claim that the individual officers violated Mr. Mendez's Fourth and Fourteenth Amendment rights.

2.    <u>Motion to Amend</u> [#42]

---

[7]<u>Assn. for Reduction of Violence</u> 734 F.2d at 66 (quoting <u>Kerr v. United States District Court</u>, 426 U.S. 394, 405 (1977)(alterations in original)).

Plaintiff, after some discovery, seeks leave to amend her complaint to remove Defendant John Cabral, and to add officers she now knows to have been present at the time of the search underlying the events in the complaint.  She also seeks to add the City of Fall River as a Defendant under a theory of municipal liability.[8]  The Motion to Amend pursuant to Fed. R. Civ. P. 15 is DENIED WITHOUT PREJUDICE only as to the addition of the City of Fall River as a Defendant.  It is ALLOWED in all other respects.

Under Fed. R. Civ. P. 15(a), a court should freely give parties leave to amend pleadings, "when justice so requires."[9]  Leave to amend "should be granted unless the amendment would be futile or reward undue delay."[10] If amendment would be futile because the proposed amendment is subject to dismissal for failure to state its claim, it is within the court's discretion to deny the motion to amend.[11]  To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[12]  A complaint that merely offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"[13]

---

[8] See Mot. to Amend [#42]; see also Proposed Am. Compl. [#42-1].

[9] Abraham v. Woods Hole Oceanographic Institute, 553 F.3d 114, 117 (1st Cir. 2009).

[10] Id. (quoting Adorno v. Crowley Towing & Transp. Co., 443 F.3d 122, 126 (1st Cir. 2006)).

[11] Abraham, 553 F.3d at 117 (quoting Boston & Me. Corp. v. Hampton, 987 F.2d 855, 868 (1st Cir. 1993)).

[12] Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

[13] Iqbal, 129 S. Ct. at 149 (quoting Twombly, 550 U.S. at 555).

In order to state a claim for municipal liability under § 1983, a Plaintiff must make a two part showing. He must demonstrate, "both the existence of a policy or custom and a causal link between that policy and the constitutional harm."[14] As this court has previously held:

> To survive a Rule 12(b)(6) motion to dismiss, a § 1983 claim against a municipality for failure to train police officers must assert a 'sufficient basis for concluding that [city] policymakers reasonably should have anticipated that a new police [officer] would need specialized instruction' in the activity. The complaint must allege that the City: (1) knew when it hired the officer that the risk of excessive force was obvious; or (2) later learned of the risk but took no steps to provide adequate training."[15]

Here, the Proposed Amended Complaint fails to allege facts as to any City policy or custom, official or unofficial, that the individual officer Defendants were acting under.[16] It merely recites the elements of the cause of action, which, as the Supreme Court made clear in Ashcroft v. Iqbal, is insufficient to state a claim under Fed. R. Civ. P. 8.[17] If, at a later time, Plaintiff is able to

---

[14] Santiago v. Fenton, 891 F.2d 373, 381 (1st Cir. 1989) (citing City of Canton, Ohio v. Harris, 489 U.S. 373, 385 (1989); Oklahoma City v. Tuttle, 471 U.S. 808, 823 (1985)).

[15] Miller v. City of Boston, 586 F. Supp. 2d 5, 8 (D. Mass. 2008) (quoting Hayden v. Grayson, 134 F.3d 449, 456 (1st Cir. 1998); citing Chaabouni v. City of Boston, 133 F. Supp. 2d 93, 99 (D. Mass. 2001)).

[16] See Proposed Am. Compl. [#42-1] ("The said actions of Falandys, Barboza, Elumba, Wiley, Joseph, Dube and/or Jacob were taken pursuant to a custom, policy or usage on the part of the City, consisting of the failure of the City to train and/or supervise police oficers employed by the City, includign the said Defendants, not to engage in such actions in the course of their employment as police officers by the City and/or consisting of the City encouraging and/or exhibiting deliberate indifference to, police officers employed by the City, including said Defendants, engaging in such actions in the course of their employment.")

[17] Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1950 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice [to state a claim under Fed. R. Civ. P. 8].").

present facts sufficient to state a claim for municipal liability, she is free to seek leave to amend the complaint to add the City of Fall River as a defendant at that time.

IT IS SO ORDERED.

      /s/ Joseph L. Tauro
United States District Judge